UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>    v.<br><br>GEORGE WEGERS, et al.,<br><br>           Defendants. | CASE NO. CR05-0231C<br><br>ORDER |

This matter comes before the Court on Defendant Aaron Wise's motion to sever his trial on Counts 4 and 5 of the First Superseding Indictment ("FSI"). (Dkt. No. 651.) Co-defendant Dale Robert Granmo joins this motion. (Dkt. No. 673.) Having considered the papers submitted by all parties in light of the overall facts and circumstances in this case, and finding oral argument unnecessary, the Court DENIES Wise's motion for the following reasons.

I.     FACTUAL BACKGROUND

    A.     *Relevant Allegations*

Aaron Wise is one of twenty-eight defendants in this prosecution, and is named in two of the thirty-six counts in the FSI. He is described as a member of the Bandidos chapter in Missoula, Montana. (*Id.* 7–8.) With nine other co-defendants, he is charged in Counts 4 and 5 with violent crime in aid of

ORDER – 1

racketeering under 18 U.S.C. § 1959(a). (*Id.* 16–17.) Specifically, Count 4 alleges a conspiracy to kidnap an individual identified as "S.S.," while Count 5 alleges the substantive crime of kidnapping S.S. (*Id.*) These acts allegedly occurred in Montana in 2003. (*Id.*) Citing the language in § 1959(a)(5), the government alleges that each of the defendants participated in the conspiracy and kidnapping "for the purpose of maintaining and increasing [their] position[s] in the Bandidos OMO, an enterprise engaged in racketeering activity" and headquartered in this district. (*Id.*)

Counts 4 and 5 (hereinafter, the "Kidnapping Conspiracy") incorporate by reference paragraphs A through D of Count 1. (*Id.*) Those paragraphs describe the alleged structure, members, objectives, and means and methods of the Bandidos as a racketeering enterprise. (*Id.* 2–9.) However, the Kidnapping Conspiracy does *not* incorporate paragraphs E and F of Count 1, which allege RICO violations in which certain defendants "did unlawfully and knowingly conduct and participate directly and indirectly, in the conduct of the affairs of [the] enterprise through a pattern of racketeering activity." (*Id.* 10.) Two of the ten predicate racketeering acts alleged to have composed the pattern of racketeering activity in Count 1 are related to the Kidnapping Conspiracy: Racketeering Act 4A correlates to Count 4, and Act 4B to Count 5. (*Id.* 11.) However, Wise is not named as a co-conspirator in those racketeering acts. Thus, although Wise is charged with crimes constituting two of the predicate racketeering acts, he is not alleged to have knowingly agreed that two or more of those racketeering acts would be carried out in furtherance of the racketeering enterprise.[1] (*Id.*)

B. *Procedural History*

In his original motion, Wise sought an order severing each of the ten defendants named in the Kidnapping Conspiracy for a separate trial. However, after Wise filed his motion on November 16, 2005, the Court ordered his trial date continued to April 10, 2006, and joined him for trial with the defendants charged in Counts 1.E, 1.F, and 2 with RICO and conspiracy to commit RICO. (Dkt. No. 720 at 13.) Of

---

[1] In contrast, Granmo is charged in Count 2 as a member of the conspiracy to commit RICO, as well as in Counts 4 and 5. (FSI 14.)

ORDER – 2

the seven defendants now joined for trial on April 10, only Granmo and Bernard Ortman are charged with Wise in the Kidnapping Conspiracy.[2] The Court severed for a separate trial the three kidnapping defendants not already joined with the RICO defendants: William Beach, Stephen Koester, and Robert Alexander.[3]  (*Id.* at 14.)

Thus, of the six remaining defendants charged in the Kidnapping Conspiracy, only Wise is to be jointly tried with the RICO Defendants yet is not named as a co-conspirator in the RICO charges. In light of these changed circumstances, Wise now seeks an order severing him from the RICO defendants and instead joining him for trial with Beach, Koester, and Alexander. (Dkt. No. 731.)

## II.  LEGAL ANALYSIS

At the outset, it is important to place the current motion in context and clarify the precise grounds on which it is based. Wise's motion is the latest in this case to challenge the propriety of joining the Kidnapping Conspiracy and defendants charged therein—which took place, and who reside, respectively, in Montana—with other charges and defendants not similarly situated. For example, the Court previously denied motions to dismiss the Kidnapping Conspiracy for improper venue (Dkt. No. 580) and to transfer the trial on the Kidnapping Conspiracy to the District of Montana (Dkt. No. 611); Wise joined in both of those motions. However, Wise now moves for severance from the RICO defendants solely under Rule 14(a), arguing that he would be prejudiced if required to stand trial jointly with more culpable defendants (as he characterizes them) charged with more serious crimes. (*See* Mot. 3–5.)

Although Wise also argues that case-management concerns justify severance, he has not sought relief under Rule 8. Thus, the Court has no occasion here to determine whether the multiple conspiracies, overt acts, and co-conspirators joined in the FSI are sufficiently related by virtue of the overarching

---

[2] Christopher Horlock, charged only in Count 6 with witness tampering related to the Kidnapping Conspiracy, is also joined for the April 10 trial.

[3] Of the ten defendants originally charged in Counts 4 and 5, four have now agreed to plea deals or been dismissed: Robin Hundahl, Ricky Lookebill, Michael McElvary, and Frank Offley.

ORDER – 3

Bandidos racketeering enterprise. Instead, this Order is limited to evaluating Wise's arguments that he cannot receive a fair trial if joined with the racketeering defendants.

### A. *Applicable Standards*

Rule 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government . . . , the court may . . . sever the defendants' trials, or provide any other relief that justice requires." FED. R. CRIM. P. 14(a). Rule 14 is designed "promote economy and efficiency and avoid multiplicity of trials, [so long as] these objectives can be achieved without *substantial* prejudice to the right of the defendants to fair trial." *Zafiro v. United States*, 506 U.S. 534, 538–39 (1993). In *Zafiro*, the Supreme Court emphasized that "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id.*; *see also id.* at 539 ("[L]ess drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.").

Given these policies, a motion for severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants." *Id.* at 538. For example, severance should be ordered if a joint trial would preclude effective cross examination, inhibit a defendant's ability to present an individual defense, impinge on Sixth Amendment confrontation rights, or risk improper instructions to the jury on the admissibility of evidence. *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980). In the absence of a showing that these specific trial rights would be endangered, "defendants jointly charged are to be jointly tried." *Id.* at 1201. Ordering separate trials requires "unusual circumstances" and is entrusted to Court's discretion "as an aspect of its inherent right and duty to manage its own calendar." *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978).

### B. *Prejudice Arising from a Joint Trial*

The sum total of Wise's prejudice arguments is that jointly trying him with the RICO defendants would impress on the jury that he is associated with more serious criminals: "Evidence of many co-defendants' wrongdoings unrelated to Mr. Wise and other similarly situated defendants could have a

ORDER – 4

'spillover' effect and lead a jury to erroneously conclude [that Wise is] guilty." (Mot. 3–4.) This does not demonstrate prejudice, and in fact, is substantively identical to defendant James Pennell's argument in his previously filed Rule 14(a) severance motion. (*See* Dkt. No. 258.) There, Pennell argued that requiring him "to sit at a defense table in a courtroom full of defendants charged with such violent crimes as alleged in this indictment . . . is extremely unfair and prejudicial to [his] right to a fair trial." (*Id.* at 4.) As Wise is aware, the Court rejected Pennell's contentions in an order dated September 14, 2005, finding that Pennell failed to identify "any specific witnesses, testimony, or evidence that would prejudice him in a joint trial but not in a severed trial, nor any specific trial rights that would be prejudiced by trying him with the other co-defendants." (Dkt. No. 397 at 3.) Like Pennell, Wise argues simply that he ought not be "painted with the same brush as [other] Bandidos members[4] who are alleged to have committed violent crimes." (*Id.*) And like Pennell, Wise's argument fails to identify "a *serious* risk that a joint trial would compromise a *specific trial right*." *Zafiro*, 506 U.S. at 538 (emphasis added).

In the absence of such a showing, the Court must fall back on the principle that "defendants jointly charged are to be jointly tried." *Escalante*, 637 F.2d at 1201. Assuming for purposes of this Order that Wise and others similarly situated are properly joined under Rule 8—and thus that common evidence regarding the existence, methods, and objectives of the racketeering enterprise will be prevalent as to all defendants—the Court cannot conclude at this stage of the case that limiting instructions will be insufficient to prevent prejudice at trial.

//
//
//
//

---

[4] Unlike Pennell, however, Wise is alleged to be an actual member of a Bandidos chapter; Pennell is described merely as "an associate of the [Bandidos] Bellingham Chapter." (FSI 8.)

ORDER – 5

### III. CONCLUSION AND ORDER

In sum, the Court finds that Wise has not carried his burden of demonstrating that a joint trial with the RICO defendants would create a serious risk that one of his specific trial rights would be comprised. Accordingly, the Court DENIES without prejudice Wise's motion to sever under Rule 14(a).

SO ORDERED this 13th day of January, 2006.

*[signature: John C. Coughenour]*

UNITED STATES DISTRICT JUDGE

ORDER – 6